IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LEONARDO MARTINEZ | § | |
| | § | |
| V. | § | A-17-CA-020-RP |
| | § | |
| LORIE DAVIS | § | |

## ORDER

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254, Memorandum in Support, and Response to Show Cause Order. Petitioner, proceeding pro se, has paid the applicable filing fee for this case. For the reasons set forth below, Petitioner's application for writ of habeas corpus is dismissed as time-barred.

## I. STATEMENT OF THE CASE

**A.   Petitioner's Criminal History**

Petitioner challenges the Director's custody of him pursuant to a judgment and sentence of the 403rd Judicial District Court of Travis County, Texas, in cause number D-1-DC-04-301030 (also known as 3041030). After a jury trial, Petitioner was found guilty of aggravated sexual assault of a child, indecency with a child by contact, and indecency with a child by exposure. On May 12, 2005, punishment was assessed at 57 years' confinement for count one, 20 years' confinement for count two, and 20 years' confinement for count three.[1] The Third Court of Appeals affirmed Petitioner's convictions and sentences on June 9, 2006. *Martinez v. State*, 212 S.W.3d 411 (Tex. App. – Austin 2006, pet. ref'd). His initial petition for discretionary review was struck for non-

---

[1] Petitioner was also charged with sexual assault of child in Cause No. D-1-DC-05-900015 (also known as 9050014). That cause was dismissed on May 12, 2005, after Petitioner was convicted in Cause No. D-1-DC-04-301030.

compliance. However, his subsequent petition for discretionary review was refused on January 10, 2007. *Martinez v. State*, No. PD-0994-06.

Petitioner also challenged his convictions and sentences in a state application for habeas corpus relief. Petitioner indicates he filed his state application on May 8, 2016. The Court of Criminal Appeals denied it without written order on September 14, 2016. *Ex parte Martinez*, Appl. No. 85,292-01.

**B.    Petitioner's Grounds for Relief**

Petitioner alleges as grounds for relief:

1. He received ineffective assistance of trial counsel;

2. The prosecutor was guilty of misconduct;

3. His convictions violate double jeopardy; and

4. The government acted with outrageous misconduct.

## II.  DISCUSSION AND ANALYSIS

**A.    Statute of Limitations**

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.     Application**

Petitioner's conviction became final, at the latest, on April 10, 2007, at the conclusion of time during which he could have filed a petition for writ of certiorari with the United States Supreme Court. *See* SUP. CT. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Therefore, Petitioner had until April 10, 2008, to timely file a federal petition for writ of habeas corpus. Petitioner did not execute his federal petition until January 5, 2017, nearly nine years after the limitations period had expired.

Petitioner's state application did not operate to toll the limitations period, because it was also filed long after the limitations period had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

Petitioner has alleged no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").

Petitioner also has not shown he was actually innocent under the standard in *Schlup v. Delo*, 513 U.S. 298, 329 (1995).  A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *See Schlup*, 513 U.S. at 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup*). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998).

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period.  Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  CONCLUSION

Petitioner's application for habeas corpus relief is time-barred.

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective

December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not issue.

It is therefore **ORDERED** that Petitioner's petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE** as time-barred.

It is finally **ORDERED** that a certificate of appealability is hereby **DENIED**.

**SIGNED** on February 13, 2017.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE